UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GERNARD D. CHESTNUT,

    Plaintiff,

v.                                                                           Case No. 4:22-cv-465-AW/MJF

JAMES CARTER, *et al.*,

    Defendants.

_____/

## **ORDER**

This matter is before this court on Plaintiff's "Motion for In Forma Pauperis Status and Serving Process on Defendants." Doc. 29.

A prisoner seeking leave to proceed *in forma pauperis* must satisfy three requirements. First, his motion for leave to proceed *in forma pauperis* must be filed on the form required by the Local Rules of the United States District Court for the Northern District of Florida. N.D. Fla. Loc. R. 5.3. Second, he must include with the motion a Prisoner Consent Form and Financial Certificate signed by a prison official. *See* 28 U.S.C. § 1915(a)(2). Third, he must provide an inmate account statement, or the institutional equivalent, covering the six-month period preceding the filing of the complaint. *Id.*

Plaintiff did not use the court-approved form, and he did not include with his motion a Prisoner Consent Form and Financial Certificate signed by a prison official

Page 1 of 5

or an inmate account statement covering the six-month period preceding the filing of the complaint. Thus, Plaintiff's motion must be denied.

Even if Plaintiff had filed a fully-completed motion for leave to proceed *in forma pauperis*, however, this court would still deny Plaintiff's motion. Plaintiff has incurred at least three "strikes" under 28 U.S.C. § 1915(g). *See Chestnut v. Walker*, 3:20cv5679-MCR-HTC, Order, ECF No. 15 (N.D. Fla. Nov. 9, 2020) (dismissing Plaintiff's complaint because Plaintiff had incurred three strikes under section 1915(g)); *see also* Doc. 26 at 13–15, 17, 25, 27, 29 (listing Plaintiff's litigation history). Thus, Plaintiff may not litigate this action *in forma pauperis* unless he demonstrates that he was "under imminent danger of serious physical injury" at the time he initiated this action. 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

Plaintiff's allegations, construed liberally, fail to make a colorable showing that he was under imminent danger of serious physical injury when he initiated this action in September 2022, in Florida state court. *See* Doc. 1-1. Plaintiff's claims arise from an alleged use-of-force incident that occurred on June 30, 2021—*more than a year before* Plaintiff initiated the present action.

Plaintiff also does not allege that he faced an imminent danger of serious physical injury when he initiated this action in September 2022. Plaintiff instead alleges that he experiences daily pain because his right-hand knuckles are

"misaligned" as a result of the use-of-force incident. *Id.* at 5. This single allegation is insufficient to plausibly suggest that Plaintiff was in imminent danger of serious physical injury when he initiated this action. *See O'Connor v. Sec'y, Fla. Dep't of Corr.*, 732 F. App'x 768, 770 (11th Cir. 2018) (affirming the district court's dismissal under section 1915(g), in part, because the plaintiff did not explain how his "gastrointestinal conditions" posed an imminent danger of serious physical injury); *Hafed*, 635 F.3d at 1179; *Martin*, 319 F.3d at 1050. Furthermore, Plaintiff recently submitted a medical record from July 2021, in which a doctor noted that Plaintiff had an "[a]cute fracture at the distal fourth metacarpal" and that the "[r]emainder of [Plaintiff's] right hand [wa]s unremarkable." Doc. 26 at 33. The medical record undermines Plaintiff's allegation that his knuckles are "misaligned."

In short, Plaintiff is not entitled to litigate this action under the "imminent danger of serious physical injury" exception to section 1915(g).

Accordingly, it is **ORDERED**:

1. Plaintiff's motion, Doc. 29, is **DENIED** without prejudice.

2. **On or before June 26, 2023**, Plaintiff shall file with this court the following:

    a. a notice that he intends to serve process on (or attempt to obtain waivers of service from) Defendants without the court's assistance; **or**

   b. a request that the court order that the Marshals Service or a person specially appointed by the court effect service of process.

3. If Plaintiff requests that the court order that service be made by the Marshals Service or a person specially appointed by the court, his request filed with this court must be accompanied by the following:

   a. four service copies of Plaintiff's second amended complaint, which must be identical to each other and to the second amended complaint filed with the court; and

   b. a copy of Plaintiff's special withdrawal request for payment of the $32.00 service fee, made payable to the Marshals Service and mailed to the address indicated in paragraph 3 below. Plaintiff also must submit to this court an updated copy of his inmate trust account statement demonstrating that he has sufficient funds to cover the special withdrawal request. In submitting his special withdrawal request, Plaintiff should review the payment information provided in paragraph 3 below.

4. If Plaintiff requests that the court order service as outlined in paragraph 2 above, Plaintiff is ordered to pay $32.00 to the Marshals Service **on or before July 12, 2023**. A check from a penal institution, a cashier's check, or a money order should be made payable to "United States Marshals Service," and should be mailed to the following address: United States Marshals Service, United States Courthouse,

111 N. Adams Street, Room 277, Tallahassee, FL 32301. Personal checks directly from prisoners will not be accepted. The following information shall either be included on the face of the check or money order, or be attached thereto:

    a.    Plaintiff's full name;

    b.    Plaintiff's inmate number (130146); and

    c.    the words: "Civil Process Fee for Northern District of Florida Case No. 4:22-cv-465-AW/MJF."

Checks or money orders which do not have this information will be returned to the penal institution or to Plaintiff.

    5.    Failure to comply with this order and the directions set forth above likely will result in dismissal of this action for failure to prosecute, failure to effect service of process, and failure to comply with an order of this court.

    6.    Failure to effect timely service of process in accordance with Rule 4 of the Federal Rules of Civil Procedure likely will result in dismissal of this action with respect to any defendant who is not served timely and properly.

    **SO ORDERED** this <u>12th</u> day of June, 2023.

                                  /s/ *Michael J. Frank*
                                  **Michael J. Frank**
                                  **United States Magistrate Judge**