# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GENARD D. CHESTNUT,**

    Plaintiff,

v.                                              Case No. 4:22-cv-465

**JOHNATHAN CARTER,** *et al.,*

    Defendants.

_____/

## DEFENDANTS CARTER, COATES, AND PRICE'S ANSWERS AND DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendants, JOHNATHAN[1] CARTER, WILLIAM COATES, and RICHARD PRICE by and through its undersigned counsel, respond to Plaintiff's Second Amended Complaint, and state as follows:

## I. PARTIES TO THE COMPLAINT

### A. *Plaintiff*

Admitted that Plaintiff is currently a prisoner with the Florida Department of Corrections, and was a prisoner during the time period relevant to the Complaint. Upon information and belief, he is currently housed at Florida State Prison.

### B. *Defendant(s)*

---

[1] At times in his complaint Plaintiff refers to Defendant Carter as James Carter. Defendant Carter's correct name is Johnathan Carter.

1

1.  Admitted that Defendant Carter was a correctional officer at Santa Rosa C.I. during the time period relevant to the Complaint.

2.  Admitted that Defendant Coates was a correctional officer at Santa Rosa C.I. during the time period relevant to the Complaint.

3.  Upon information and belief, unserved Defendant Pugh was a correctional officer at Santa Rosa C.I. during the time period relevant to the Complaint.

4.  Admitted that Defendant Price was a correctional officer at Santa Rosa C.I. during the time period relevant to the Complaint.

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 OR § 1346

Admitted solely for purposes of jurisdiction. Admitted that venue is proper.

## III. PRISONER STATUS

Admitted that Plaintiff is a convicted state prisoner.

## IV. STATEMENT OF FACTS

1. Admitted that Plaintiff was handcuffed and restrained on or about June 30, 2021. Otherwise denied.

2. Denied.

## V. STATEMENT OF CLAIMS

Defendants deny that Plaintiff's rights under the Eighth Amendment were violated, and deny the claims brought in "Count One" and "Count Two" of the Second Amended Complaint.

## VI. RELIEF REQUESTED

To the extent a response is required to the section of the Second Amended Complaint requesting relief, denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint and every cause of action therein fail to state a claim upon which relief may be granted.

2. Plaintiff's Complaint, as filed, contains mere statements of opinion and conclusions unsupported by specific facts, and as such the Complaint fails to state a cause of action for which relief can be granted.

3. To the extent that Plaintiff failed to exhaust his administrative remedies, he is not entitled to relief with respect to the unexhausted claims.

4. Plaintiff fails to establish that Defendants were independently liable for a violation of § 1983 and fails to satisfy all elements of the claim. Plaintiff, therefore, fails to establish and cannot establish that Defendants violated Plaintiff's constitutional rights.

5. To the extent Defendants were acting within the scope of their employment with the Florida Department of Corrections, Defendants are entitled to qualified immunity.

6. Plaintiff alleges that he has suffered damages by reason of Defendants' conduct; Defendants assert the right of offset if any amount of money is owed to Plaintiff by another party as a result of the conduct alleged.

7. Plaintiff has failed to mitigate and lessen damages, if he sustained any, as required by law, and is barred from recovery with respect to those damages.

8.      If Plaintiff has mitigated his own alleged damages, Defendants are entitled to an offset for this amount.

9.      People or entities other than these Defendants caused or contributed to the damages Plaintiff claims to have suffered. Therefore, any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

10.     To the extent that Plaintiff suffered injury as a result of the actions from some third party and/or conditions not under the control of Defendants, Plaintiff is barred from recovery, in whole or in part, against Defendants with respect to such injuries.

11.     To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

12.     Any damages and/or injuries in the nature of emotional harm sustained by Plaintiff were not caused by any action or inaction by Defendants.

13.     Plaintiff is unable to establish that Defendants acted with malicious intent or that he is otherwise entitled to punitive damages.

14.     Plaintiff is unable to establish a prima facie case for any of the pled causes of action.

15. Because the Complaint only alleges conclusions of fact and law, the answering Defendants cannot fully anticipate all affirmative defenses and reserves the right to add additional affirmative defenses as discovery proceeds or additional pleadings are filed.

16. Plaintiff failed to take reasonable actions or make reasonable efforts to learn the circumstances of Decedent's death in a timely manner which information was or could have been obtained by a person acting in a reasonably prudent manner.

17. Defendants are entitled to qualified immunity on the grounds that their actions after being notified of the death of Decedent complied with all applicable Florida Department of Corrections procedures and policies and all applicable laws or statutes.

WHEREFORE, Defendants demand judgment in their favor and against the Plaintiff, plus costs and reasonable attorney fees, and any further relief this Court deems proper.

Respectfully submitted,

*/s/ Liane S. LaBouef*
Liane S. LaBouef
Florida Bar No. 1025198
Howell, Buchan & Strong
2898-6 Mahan Drive

>Tallahassee, Florida 32308
>Telephone: (850) 877-7776
>*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above was served via the CM/ECF system to all counsel of record, and to Plaintiff at the following address, this 23rd day of October 2023.

>Florida State Prison
>23916 NW 83rd Ave
>Raiford, Florida 32083

>*/s/ Liane S. LaBouef*
>Liane S. LaBouef