UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GENARD D. CHESTNUT,**

    **Plaintiff,**

v.

                                                   **Case No. 4:22-cv-465-AW/MJF**

**JOHNATHAN CARTER,** *et al.,*

    **Defendants.**

_____/

## DEFENDANT PUGH'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant PUGH, by and through his unsigned counsel, hereby responds to Plaintiff's Second Amended Complaint, and states the following in support thereof:

**I.    PARTIES TO THE COMPLAINT**

    **A. Plaintiff**

Admitted that Plaintiff is currently a prisoner with the Florida Department of Corrections and was a prisoner during the time period relevant to the Second Amended Complaint. Upon information and belief, he is currently at Florida State Prison.

    **B.  Defendant**

Admitted that Defendant Pugh may have been a correctional officer at Santa

1

Rosa Correctional Institution (Santa Rosa CI) at times relevant to the Second Amended Complaint.

## II.   BASIS FOR JURISDICTION UNDER 28 U.S.C. §1331 OR §1346

Admitted solely for purposes of jurisdiction. Admitted that venue is proper.

## III.   PRISONER STATUS

Admitted that Plaintiff is a convicted state prisoner serving a sentence in a State of Florida Correctional Institution.

## IV.   STATEMENT OF FACTS

1. Admitted that Plaintiff was handcuffed and restrained on or about June 30, 2021; otherwise denied.

2. Denied.

## V.   STATEMENT OF CLAIMS

Defendant denies that Plaintiff's Eighth Amendment rights were violated and denies the claims brought in Plaintiff's Second Amended Complaint.

## VI.   RELIEF REQUESTED

To the extent a response is required to this section of the Second Amended Complaint requesting relief, denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Second Amended Complaint and every cause of action therein fails to state a claim upon which relief may be granted.

2. Plaintiff's Second Amended Complaint, as filed, contains mere statements of opinion and conclusions unsupported by specific facts, and thus fails to state a cause of action for which relief may be granted.

3. To the extent that Plaintiff failed to exhaust his administrative remedies, he is not entitled to relief with respect to the unexhausted claims.

4. Plaintiff fails to establish that Defendants were independently liable for a violation of §1983 and fails to satisfy all elements of the claim. Plaintiff, therefore, fails to establish and cannot establish that Defendant Pugh violated Plaintiff's constitutional right.

5. To the extent that Defendant Pugh was acting within the scope of his employment with the Florida Department of Corrections, Defendant Pugh is entitled to qualified immunity.

6. Plaintiff alleges that he has suffered damages by reason of Defendant Pugh's conduct; Defendant asserts the right to offset any amount of money owed to Plaintiff by another party as a result of the conduct alleged.

7. Plaintiff has failed to mitigate and lessen damages, if he sustained any, as required by law, and is barred from recovery with respect to said damages.

8. If Plaintiff has mitigated his own alleged damages, Defendant is entitled an offset for this amount.

9. People or entities other than Defendant have caused or contributed to the damages Plaintiff claims to have suffered. Therefore, any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

10. To the extent that Plaintiff suffered injury as a result of the actions from some third party and/or conditions not under the control of Defendant, Plaintiff is barred from recovery, in whole or in part, against Defendant with respect to such injuries.

11. To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitations and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

12. Any damages and/or injuries in the nature of emotional harm sustained by Plaintiff were not caused by any action or inaction of the Defendant.

13. Plaintiff is unable to establish that Defendant acted with malicious intent or that he is otherwise entitled to punitive damages.

14. Plaintiff is unable to establish a prima facie case for any of the pled causes of action.

WHEREFORE, Defendant demands judgment in his favor and against the Plaintiff, plus costs and reasonable attorney fees, and any further relief this Court deems proper.

Respectfully submitted,

/s/ *Lauren F. Strickland*
Lauren F. Strickland, Esq.
Florida Bar No. 0070781
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Email: Lauren@jsh-pa.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing has been served on all counsel of record by CM/ECF and via U.S. mail to Plaintiff at Florida State Prison, P.O. Box 800, Raiford, Florida 32083 on January 4, 2024.

/s/ *Lauren F. Strickland*
Lauren F. Strickland