# THIRD AMENDED COMPLAINT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

### CIVIL RIGHTS COMPLAINT FORM FOR
### PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
### 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

GERNARD DENIEZ CHESTNUT,

Inmate ID Number: 130146 ,

_____ ,

*(Write the full name and inmate ID*
*number of the Plaintiff.)*

Case No.: 4:22-CV-465-AW/MJF
*(To be filled in by the Clerk's Office)*

v.

JOHNATHAN CARTER et.al. ,

SEE ATTACHED ,

_____ ,

*(Write the full name of each*
*Defendant who is being sued. If the*
*names of all the Defendants cannot*
*fit in the space above, please write*
*"see attached" in the space and*
*attach an additional page with the*
*full list of names. Do not include*
*addresses here.)*
_____/

**Jury Trial Requested?**
☑ YES  ☐ NO

FILED USDC FLND PN
MAR 4 '24 AM 11:51

RICHARD PRICE
WILLIAM COATES
CHAD PUGH

# I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: _Gernard D. Chestnut_  ID Number: _130146_

List all other names by which you have been known: _____

_____

Current Institution: _Florida State Prison_

Address: _P.O. BOX 800, Raiford, FL. 32083_

_____

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: _Johnathan Carter_

   Official Position: _Lieutenant_

   Employed at: _Santa Rosa Correctional Institution_

   Mailing Address: _5850 East Milton Road_

   _Milton, FL. 32587_

   ☑ Sued in Individual Capacity      ☐ Sued in Official Capacity

2. Defendant's Name: Chad Pugh

Official Position: Sargeant

Employed at: Santa Rosa C.I.

Mailing Address: Santa Rosa Correctional Institution, 5850 E. Milton Rd.,

Milton, FL. 32587

☑ Sued in Individual Capacity       ☐ Sued in Official Capacity

3. Defendant's Name: Richard Price

Official Position: Officer

Employed at: Santa Rosa C.I.

Mailing Address: Santa Rosa Correctional Institution, 5850 E. Milton Rd.,

Milton, FL. 32587

☑ Sued in Individual Capacity       ☐ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

Defendant's Name: William Coates

Official Position: Officer

Employed at: Santa Rosa C.I.

Mailing Address: Santa Rosa Correctional Institution, 5850 E. Milton Rd.,
                 Milton, FL. 32587

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)    ☑ State/Local Officials *(§ 1983 case)*

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee    ☐ Civilly Committed Detainee

☑ Convicted State Prisoner    ☐ Convicted Federal Prisoner

☐ Immigration Detainee    ☐ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.*

(1) MALICIOUS EXCESSIVE FORCE / EIGHTH AMENDMENT VIOLATION -

a. On 6/30/2021 at Santa Rosa Correctional Institution reactionary force was utilized against the Plaintiff during the commission of an attack against him to place him on a malicious property restriction (strip cell) by falsifying documents that his cell was in non-compliance wich is a routine practice against inmates as retaliation against them for filing complaints.

b. This retaliation scheme was persistently practiced against the

c. Plaintiff by racist occult groups of officers he'd been reporting.

d. The Plaintiff was lying face down on the floor of wing 2 in B-Dormitory handcuffed behind his back in full compliance.

e. Defendants Price and Coates began punching him between his legs to strike his genitals and bend and twist his fingers and wrist for no justifiable reason other than inflict malicious and sadistic pain and brutality with the evil intent of breaking the Plaintiff's bones. (2) FAILING TO INTERVENE / EIGHTH AMENDMENT VIOLATION- Defendant Pugh stood by watching and instead of intervening and preventing or protecting, he facilitated and condoned this attack by creating circumstances to afford these officers an extended

**Statement of Facts Continued** *(Page 2 of 3 )*

duration of time to cause harm and pain to the Plaintiff by directing them to escort him to another Dormitory where he could be placed into a cell designed to torment inmates.

During this process he had officials prolong bringing leg shackles and a white Female (Lieutenant Wheaton) stepped ontop of the Plaintiff's head with her boots.

As Plaintiff was being escorted from B-Dormitory to C-Dormitory Defendant Pugh deliberately walked directly infront of the Use of Force CamCorder to block it from seeing Officer Coates and Officer Price trying to break the Plaintiff's wrist and fingers. While whispering to Defendant's Price and Coates to " dump the Plaintiff on his head and break his fingers."

(3) FAILING TO INTERVENE /EIGHTH AMENDMENT VIOLATION – Defendant Carter was the Supervising Lieutenant. He failed to intervene or protect Plaintiff by walking along the side and denied these officers were harming the Plaintiff lying that, " They were not doing anything to Plaintiff," as the Plaintiff screamed out in pain persistently that " they were breaking his fingers and blocking the CamCorder to cover it up." Defendant Carter condoned this attack and made no attempts to

Statement of Facts Continued (Page 3 of 3)

intervene or direct Defendant Pugh to stand clear of the Use of Force CamCorder view where it could see what the Defendants, Price and Coates were doing.

(4) MALICIOUS EXCESSIVE FORCE / EIGHTH AMENDMENT VIOLATION - Defendant's Coates and Price both walked on eachside of the Plaintiff using both of their arms and hands to apply as much pain and harm as possible to the Plaintiff throughout the entire duration of the escort, while the Plaintiff screamed out in agonizing pain.

(●) Since the Plaintiff knew that seeing medical would only extend the time for the Defendants to persist in inflicting sadistic and malicious force he was compelled to initially refuse Under duress. Plaintiff was then escorted into a housing Wing and Defendants Price and Coates placed him against a wall and persisted to break his fingers in full view of Use of Force CamCorder as Defendants Pugh and Carter simply watched, enjoying a sick thrill from the Plaintiff screaming out in pain.

Plaintiff believed his finger to've been broken and began requesting medical attention.

At this time Defendant Carter was deliberately indifferent denying the Plaintiff medical attention stating "He refused"

(5) Following this attack Defendant Pugh appeared at Plaintiff's cell to view the damage they'd inflicted. Upon perceiving his hand appeared to be broken he had fellow officers obstruct him from attending his call-Out for Medical X-Rays, wich they falsified Refusals against him and bogus spoken threat Disciplinary Reports to justify obstructing X-Rays. The Plaintiff Filed many grievances concerning this matter and was re-scheduled. The X-Ray reports indicate the Defendant's had Fractured his finger.

## V.  STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

"Count One: Excessive Force/8TH Amendment Violation"

"Count Two: Failing to Intervene/8TH Amendment Violation"

"Count Three: Failing to Intervene/8TH Amendment Violation"

(Count One; Defendants Price & 3 Coates, Count Two; Defendants Pugh, Count Three;
Defendants Carter & Pugh) "Count Four: Excessive Force/8TH Amendment Violation, Defendants
Price & Coates/ Count Five: Fail to Intervene; Deliberate Indifference, 8TH Amend. Violation. Defendant Carter

## VI.  RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

Damages for $150,000 and also punitive damages for $80,000
(Damages for physical injury, permanent injury, emotional and mental pain as
well, and punitive for Defendants malicious and ~~unconscios~~ unconscionable
actions and trial by jury and any further relief the Court deems necessary and proper.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII. PRIOR LITIGATION

*This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☑ YES   ☐ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date: 9/11/2014   Case #: 4:14 cv 403 - MW- GRJ

   Court: Northern District Tallahassee Division

   Reason: Inaccurate Info. circled wrong answer abuse of process

2. Date: _____   Case #: 4:12 cv 551 - SPM - CAS

   Court: Northern District, Tallahassee Division

   Reason: Fail to state claim or prosecute / lack of jurisdiction

3. Date: _____   Case #: 4:11 cv 3105 - WS - CAS

   Court: Northern District, Tallahassee Division

   Reason: Jury Trial verdict in favor of defendants

(*If necessary, list additional cases on an attached page*)

B.  Have you filed other lawsuits or appeals in *state or federal court* dealing

with the same facts or issue involved in this case?

☑ YES ☐ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

*pending*), name of judge, and court for each case (*if more than one*):

1.  Case #: 3.15cv46-mCR-EmT Parties: _____

    Court: Northern District    Judge: _____

    Date Filed: _____ Dismissal Date (*if not pending*): _____

    Reason: _____

2.  Case #: 3.15cv09-LC-CWK Parties: _____

    Court: Northern District    Judge: _____

    Date Filed: _____ Dismissal Date (*if not pending*): _____

    Reason: _____
    (*If necessary, list additional cases on an attached page*) (See Attached)

C.  Have you filed any other lawsuit, habeas corpus petition, or appeal in

*state or federal court* either challenging your conviction or  relating to

the conditions of your confinement?.

☑ YES    ☐ NO

If "Yes," identify all lawsuits, petitions and appeals:

Case # 3-22-cv-00721 Middle District of Florida - (SETTLED)
Case # 4:11cv 232 - MP-WCS Dismissed 9/11/2011 (for failure to state a claim)
Court: Northern District, Tallahassee Division
Case # 4:11cv 225 - MP-CAS
Court: Northern District, Tallahassee Division

The Plaintiff listed all the above cases to err on the side
of caution. Plaintiff is unsure which other cases were
dismissed for reasons listed in Section A.
but Plaintiff knows one was for lack of jurisdiction and
failure to state a claim or failure to prosecute, and believes
this was (Case # 4:11cv232-MP-WCS)
Plaintiff's legal documents were allegedly "lost" by FL DOC
and he can only provide the information from which the
Court has provided him until the FL DOC replaces his
legal papers or pays for new copies. Since the Courts have
only provided him with the case numbers, Plaintiff
provides all information to the best of his knowledge.
Any case number left out is an inadvertent mistake
and not an attempt to dupe, defraud, or abuse judicial process.

Plaintiff has also attached all case info. provided to him
by the Courts.

The only information Plaintiff has pertaining to Appeals Court
regarding LawSuits are: Case No. 21-12893-G and
Case No. 21-14488-A which Plaintiff was informed were
Dismissed For Failure to prosecute on 2/16/22 and 2/23/22.

Plaintiff's Habeas Corpus Petition Case number 22-14063-D
was denied COA on 4/11/2023.

15

All following Case numbers were filed in the Tallahassee Division.
Case # 3: 20cv5679-MCR-HTC
Covered Case # 3: 22cv00721-MMH-PDB
Case # 3: 21cv827-LC-EMT
Covered Case # 3: 22cv01349-BJD-LLL
Case # 3: 21cv944-LC-EMT
Covered Case # 3: 22cv1437-MMH-PDB
Case # 4: 11cv225-MP-CAS
Court:
Case # 4: 11cv232-MP-WCS
Court:
Case # 4: 11cv305-MS-CAS
Court:
Case # 4: 12cv561-SPM-CAS
Court:
Case # 4: 14cv403-MW-GRJ
Court:
Case # 3: 20cv5918-R-EMT
Court:
Case # 3: 21cv48-LC-EMT
Court:

All the Following Case Numbers
were filed in the Middle District Jacksonville Division:

Case # 3: 15cv01173-BJD-PDB / Case # 3: 15cv01270-TJC-JK /
Case # 3: 15cv01343 MMH-PDB / Case # 3: 17cv00307-HES-PDB /
Case # 3: 17cv0424-TJC-JK / Case # 3: 18cv00489-MMH-PDB /
Case # 3: 18cv00615-TJC-MCR / Case # 3: 18cv00631-BJD-PDB /
Case # 3: 18cv00875-MMH/JK    Case # 3: 18cv01082-TJC-MCR
Case # 3: 18cv01171-TJC-PDB / Case # 3: 19cv01479-MMH-PDB-JBT
Case # 3: 21cv18-BJD-MCR / Case # 3: 18cv1302-TJC-JK /
Case # 3: 18cv1505-HLA-JBT
Case # 3: 22-cv-00721    (Settled)
Case # 3: 22-cv-01349    (Still pending)

16

# STATE COURT CASE NUMBERS

Case # 1D21-3303    Parties: FL D.O.C.
Court: First District Appeals Court    Dismissal Date:
Reason:

Case # 1D22-1918    Parties: FL DOC
Court: First District Appeals Court    Dismissal Date:
Reason:

Case # 1D21-2974    Parties: FL DOC
Court: First District Appeals Court    Dismissal Date:
Reason:

Case # 2022 CA 001837    Parties:
Court: 2nd Judicial Circuit    Judge: J. Cooper
Date filed: 10/17/2022    Dismissal Date: 12/7/22
Reason:    indigence status restrictions for dismissal

Case # 2022 CA 001831    Parties: Cpt. Johnson, L. et. al.
Court: 2nd Judicial Circuit    Judge: J. Cooper
Date: Filed: 10/10/2022    Dismissal Date: 12/7/22
Reason: Excessive force    indigence status restrictions for dismissal

Case # 2021 CA 1455    Parties: E. Manners/FL DOC
Court: 2nd Judicial Circuit    Judge: M. Richardson
Date filed:    Dismissal Date:
transferred to Case No. 2022-SC-83

Case # 2022 CA 001810    Parties: Sgt. J. McClure et. al.
Court: 2nd Judicial Circuit    Judge: J. Cooper
Date Filed: 10/13/2022    Dismissal Date: 12/7/2022
Reason: Excessive force    indigence status restrictions for dismissal

17

Case # 2021 CA 001306    Parties: FL. D.O.C.
Court: Leon County, 2nd Judicial Circuit    Judge: A. Dempsey
Date Filed: 7/27/2021    Dismissal Date: 6/18/2022
Reason: Negligence   dismissed for failing to exhaust

Case # 2020 SC 001094    Parties: FL. D.O.C.
Court: Leon County 2nd Judicial Circuit    Judge: A. Aikens JR
Date Filed: 6/1/2020    Dismissal Date: 8/30/2021
Reason: Small Claims,    Statue of Limitations

Case # 2022 CA 001573    Parties: Capt. Fisher et. al.
Court: Leon County 2nd Judicial Circuit    Judge: J. Cooper
Date Filed: 8/31/2022    Dismissal Date:
Reason:

Case # 2022-CA-001627    Parties: Sgt Pugh et al.
Court: 2nd Judicial Circuit    Judge: J. Cooper
Date Filed: 9/6/2022    Dismissal Date: 12/7/22
Reason: Excessive Force: Assault: Battery. placed in federal jurisdiction

Case # 2022 CA 000350    Parties: Capt. Brown et. al.
Court: 2nd Judicial Circuit    Judge: J. Cooper
Date Filed: 2/28/2022    Dismissal Date:
Reason: Excessive Force, dismissed for indigency restriction

Case # 2021 SC 002909    Parties: E. Manners et. al.
Court: 2nd Judicial Circuit    Judge: S. Nemlin
Date Filed: 11/10/2021    Dismissal Date:
Reason: Small Claim (property destruction)

Case # 2020 CA 000609    Parties: FL. D.O.C.
Court: 2nd Judicial Circuit    Judge: J. Cooper
Date Filed:    Dismissal Date:
Reason:

18

Case # 1D19-2493

Court: First District Court of Appeals

Filing Date:                    Dismissal Date:

Reason: Unauthorized


The Plaintiff also filed Habeas Corpus Petitions in the
Florida Supreme Court challenging his unlawful conviction
In Case # 610    Filing Date: 4/28/2020
Dismissed as Unauthorized
  Case # 657   Filing Date: 4/22/2019    Dismissed
  Case # 1254  Filing Date: 7/22/2019    Dismissed
  Case # 1634  Filing Date: 8/27/2018    Dismissed
  Case # 933   Filing Date: 6/8/2018     Dismissed
  Case # 418   Filing Date: 3/13/2018    Dismissed
  Case # 1773  Filing Date: 9/29/2017    Dismissed
  Case # 1226  Filing Date: 7/11/2016    Dismissed
  Case # 107   Filing Date: 1/5/2016     Dismissed
  Case # 876   Filing Date: 4/28/2011


Case # 1D22-3151

Court: First District Appeals Court

Filing Date:                    Dismissal Date:

Reason:



All questions or information left blank is not due to any
abuse of judicial process or attempt to dupe or defraud court. It
is due to this information being unavailable to Plaintiff. The FL
DOC is currently receiving info to reimburse or replace the
Plaintiff's documents this litigation history is herein disclosed to
best of his ability and it is possible he may have missed a few
cases If so, it is inadvertently and not deliberate

Cases matching "GERNARD D CHESTNUT" (as a Plaintiff)
- 3:20-cv-5918-R-EMT Chestnut v. Neel | 6 pages x 50¢ per page = $3.00
- 3:21-cv-43-LC-EMT Chestnut v. Santa Rosa Correctional Institution | 1 page x 50¢ per page = 50¢
- Total: $3.50

Cases matching "GERNARD DENEZ CHESTNUT" (as a Petitioner)
- 4:18-cv-120-WS-HTC Chestnut v. Dixon | 13 pages x 50¢ per page = $6.50
- Total: $6.50

Cases matching "GERNARD DENES CHESTNUT" (as a Plaintiff)
- 3:15-cv-46-MCR-EMT Chestnut v. Carr, et al., | 3 pages x 50¢ per page = $1.50
- 3:15-cv-69-LC-CJK Chestnut v. Burke, et al., | 3 pages x 50¢ per page = $1.50
- 3:20-cv-5679-MCR-HTC Chestnut v. Walker, et al., | 3 pages x 50¢ per page = $1.50
- 3:21-cv-827-LC-EMT Chestnut v. Leavins | 5 pages x 50¢ per page = $2.50
- 3:21-cv-944-LC-EMT Chestnut v. Leavins, et al | 4 pages x 50¢ per page = $2.00
- 4:11-cv-225-MP-CAS Chestnut v. Peterson | 10 pages x 50¢ per page = $5.00
- 4:11-cv-232-MP-WCS Chestnut v. Tamayo | 2 pages x 50¢ per page = $1.00
- 4:11-cv-305-WS-CAS Chestnut v. McLendon | 13 pages x 50¢ per page = $6.50
- 4:12-cv-551-SPM-CAS Chestnut v. Eagen | 2 pages x 50¢ per page = $1.00
- 4:14-cv-403-MW-GRJ Chestnut v. Ross | 2 pages x 50¢ per page = $1.00
- Total: $23.50

Grand total of $33.50

Address for the Middle District of Florida
Unites States District Court
Middle District of Florida
Jacksonville Division
300 North Hogan Street
Jacksonville, FL 32202


Please note for future requests similar to this that the Clerk's Office does have a search fee of $32.00 and will require payment upfront prior to searching for and providing a large amount of case information. This information has been provided as a one-time courtesy.

Thank you,

Deputy Clerk: Taylor McGill

Enclosures:
☐ *In Forma Pauperis* Application
☐ Civil Rights Complaint Form: ☐Prisoner | ☐Non-Prisoner
☐ Habeas Corpus Petition Forms: ☐2241 | ☐2254 | ☐2255
X Returned Mail

---

*The mission of the Office of the Clerk of the Northern District of Florida is to provide superior service to the public and the Court.*

| Gainesville Division | Panama City Division | Pensacola Division | Tallahassee Division |
|---|---|---|---|
| 401 SE 1st Avenue, STE 243 | 1 North Palafox Street | 1 North Palafox Street | 111 N. Adams Street |
| Gainesville, Florida 32601 | Pensacola, Florida 32502 | Pensacola, Florida 32502-5658 | Tallahassee, Florida 32301-7717 |
| 352.380.2400 | 850.769.4556 | 850.435.8440 | 850.521.3501 |
| 352.380.2424 FAX | 850.769.7528 FAX | 850.433.5972 FAX | 850.521.3656 FAX |

3:15-cv-01173-BJD-PDB

3:15-cv-01270-TJC-JK

3:15-cv-01343-MMH-PDB

3:17-cv-00307-HES-PDB

3:17-cv-00424-TJC-JK

3:18-cv-00489-MMH-PDB

3:18-cv-00615-TJC-MCR

3:18-cv-00631-BJD-PDB

3:18-cv-00875-MMH-JK

3:18-cv-01082-TJC-MCR

3:18-cv-01171-TJC-PDB

3:19-cv-01479-MMH-JBT
3:21-cv-18-BJD-MCR

3:18-cv-1302-TJC-JK

3:18-cv-1505-HLA-JBT

1. Case #: 3:22cv00021-mmh-pab   Parties: Robert Atteberry et al.

   Court: Middle District   Judge: M. Howard

   Date Filed: 6/28/22   Dismissal Date (*if not pending*): _____

   Reason: Excessive Force

2. Case #: 3:22cv01349-BJD   Parties: C. Williams et al.

   Court: Middle District   Judge: B. Davis

   Date Filed: 12/7/23   Dismissal Date (*if not pending*): _____

   Reason: Excessive Force

3. Case #: 4:180cv00120-wS-HC   Parties: SEC of FL DOC (Ricky D. Dixon)

   Court: Northern District   Judge: W. Stafford

   Date Filed: 3/1/2080   Dismissal Date (*if not pending*): 10/20/2022

   Reason: Habeas Corpus Petition

4. Case #: 3:22cv1437-mmh-pab   Parties: T. Bukwitch et al.

   Court: Middle District   Judge: M. Howard

   Date Filed: 12/29/22   Dismissal Date (*if not pending*): _____

   Reason: Imminent Danger, Excessive Force, Retaliation, Conspiracy

5. Case #: 3:20cv05819ekraw   Parties: Lt. J. Neal et al.

   Court: Northern District   Judge: E. Timothy

   Date Filed: 1/25/2021   Dismissal Date (*if not pending*): _____

   Reason: Excessive Force, dismissed by (3) Strikes provision

6. Case #: SC22-1391    Parties: _____

Court: Florida Supreme Court Judge: _____

Date Filed: 10/17/22 Dismissal Date (*if not pending*): _____

Reason: Unauthorized _____

*(Attach additional pages as necessary to list all cases.)*

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

23

3. I understand it is my obligation to timely notify the Clerk's Office if there

   is any change to my mailing address and that my failure to do so may result

   in a dismissal of the action.

Date: 2/29/24 Plaintiff's Signature: _____

Printed Name of Plaintiff: Gernard Denez Chestnut

Correctional Institution: FLORIDA STATE PRISON

Address: P.O. BOX 800

         Raiford, FL. 32083

I certify and declare, under penalty of perjury, that this complaint was

(*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in

the prison's mail system for mailing on the 29 day of febuary, 2024.

Signature of Incarcerated Plaintiff: _____

24

GERNARD D. CHESTNUT DC#130146
FLORIDA STATE PRISON
P.O. BOX 1000
RAIFORD, FLORIDA 32083



Mailed From A State
Correctional Institution

LEGAL MAIL

MAR 04 2024

CLERK, U.S. DISTRICT COURT
1 NORTH PALAFOX STREET
PENSACOLA, FLORIDA 32502

Legal Mail
Provided to Florida State Prison on
8/29/24 for mailing by _____

Legal Mail
Provided ... ... mailing by _____