UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GENARD DENEZ CHESTNUT**

    **Plaintiff,**

v.                                                     Case No. 4:22-cv-465-AW/MJF

**JOHNATHAN CARTER, et al.,**

    **Defendants.**
_____/

<u>**DEFENDANTS' STATEMENT OF FACTS**</u>

COMES NOW, Defendants, JOHNATHAN CARTER, WILLIAM COATES, RICHARD PRICE, and CHAD PUGH (collectively "Defendants"), by and through undersigned counsel, and hereby files their Statement of Facts.

1. This is an action seeking damages for violations of the 8th Amendment under various claims of Excessive Force, Failure to Intervene, and Deliberate Indifference during an inmate transfer escort as alleged in Plaintiff's Third Amended Complaint [Doc. 69].

2. Plaintiff brings claims of excessive force against Defendants Price and Coates, failure to intervene against Defendants Carter and Pugh, and deliberate indifference against Carter.

3. Plaintiff requests $150,000.00 in damages for his injuries and emotional and mental pain, plus an additional $80,000.00 in punitive damages.

4. On June 30, 2021, the Plaintiff was removed from his cell at Santa Rosa CI to allow the reporting correctional officers to conduct a cell search.

5. Plaintiff was secured in wrist restraints and escorted out of his assigned cell.

6. Following the removal from his cell, Plaintiff attempted to kick an officer who was present, and later proceeded to attempt to spit on the reporting officers and contort his body to resist restraint.

7. The responding officers reacted to Plaintiff's attempts to batter staff by using downward pressure to place Plaintiff in a prone position on the floor.

8. Because Plaintiff continued to attempt to spit on the officers, Defendant Carter ordered the use of a spit shield to protect themselves.

9. After being restrained, Plaintiff was then escorted by Officers Thomas Simmons and Richard Price to his new cell in C-Dormitory.

10. At some point while Plaintiff was resisting restraint, his finger was fractured, so he was given medical treatment.

11. Plaintiff filed his initial complaint [Doc. 1] on September 6, 2022. Since this initial filing, Plaintiff has conducted no depositions and therefore has no testimony from witnesses to corroborate any of his allegations.

12. On February 19, 2024, Plaintiff mailed his Request for Admissions and Interrogatories to Defendants. Defendants responded to the Request for Admissions

on March 18, 2024, denying all requests. Defendants provided unverified answers to the Interrogatories on and verified answers on . did/found discovery-wise here)

13. This Court declined to extend discovery further "absent a showing of extraordinary circumstances" [Doc. 129].

14. Plaintiff has also made new, unfounded claims during discovery that the Department of Corrections "tampered with" or "altered" the video footage it provided him [Doc. 113], which claims this Court promptly denied as Plaintiff failed to state any basis for them [Doc. 129].

15. Despite this Court's Order, Plaintiff continued to allege in his Statement of Facts that the Department tampered with the video and audio footage using AI technology and did not make the footage available to him [Doc. 137].

16. In the same Statement of Facts, Plaintiff includes new facts and claims that were not brought in the Third Amended Complaint, such as alleging that Defendants attempted to delay any x-rays for Plaintiff and that Plaintiff was in full compliance while being transferred.

17. Plaintiff also made claims that he was not allowed to view the fixed camera and handheld video footage of the use of force event despite having signed acknowledgements of having viewed the footage [Doc. 123], and this Court similarly disposed of his claims [Doc. 129].

18. Plaintiff's Witness List names 47 witnesses to be called, but he has not made any attempt to link almost any of them to the events of this case otherwise, and does not adequately explain what they will be testifying to [Doc. 138].

19. Defendants contend that Plaintiff cannot prove the required elements for any of his claims.

Respectfully submitted,

/s/ Jami M. Kimbrell
Jami M. Kimbrell
Florida Bar No. 0657379
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
Telephone: (850) 877-7776
Jami@jsh-pa.com
*Attorney for Defendants,*
*Johnathan Carter, William Coates,*
*Richard Price, and Chad Pugh*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record by CM/ECF and via U.S. mail to Plaintiff at Florida State Prison, P.O. Box 800, Raiford, Florida 32083 on January 21, 2025.

/s/ Jami M. Kimbrell

                                      Jami M. Kimbrell